[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11888
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cv-04341-MLB


MICHAEL KEY,
ENVER KACEVIC,

Plaintiffs-Appellants,

versus


J.P. MORGAN CHASE BANK, N.A.,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 15, 2021)

Before WILLIAM PRYOR, Chief Judge, LAGOA and BRASHER, Circuit Judges.

PER CURIAM:

Michael Key and Enver Kacevic appeal *pro se* the dismissal of their complaint against J.P. Morgan Chase Bank for alleged taking of property. 42 U.S.C. § 1983. The district court ruled that the complaint failed to state a claim for relief. We affirm.

We review a dismissal for failure to state a claim *de novo*. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056–57 (11th Cir. 2007).

The district court committed no error. The Fifth and Fourteenth Amendments prohibit the federal and state governments from taking private property for public use without just compensation and due process of law, U.S. Const. amends. V, XIV, but those amendments do "not inhibit the conduct of purely private persons in their ordinary activities." *Jeffries v. Ga. Residential Fin. Auth.*, 678 F.2d 919, 922 (11th Cir. 1982). And a nonjudicial foreclosure sale by a private party does not involve state action under the Fifth and Fourteenth Amendments. *Barrera v. Sec. Bldg. & Inv. Corp.*, 519 F.2d 1166, 1169 (5th Cir. 1975). So Chase cannot be sued for a taking based on its nonjudicial foreclosure sale of property.

**AFFIRMED.**

2